

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00094-CR

DURRELL WARE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 23F1197-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Durrell Ware filed an untimely notice of appeal from his felony conviction of family violence assault by occlusion and the resulting sentence of ten years' confinement in prison.[1] We dismiss the appeal for want of jurisdiction.

The judgment of conviction in this matter indicates that the trial court imposed Ware's sentence on March 7, 2024, and Ware did not file a motion for new trial. As a result, Ware's notice of appeal was due on or before April 8, 2024. *See* TEX. R. APP. P. 26.2(a)(1). Ware's notice of appeal was filed on May 8, 2024, well beyond the April 8, 2024, deadline. Consequently, Ware's attempt to appeal his conviction in this matter was untimely.

The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998) (per curiam).

We notified Ware by letter that his notice of appeal appeared to be untimely and that the appeal was subject to dismissal for want of jurisdiction. We gave Ware ten days to respond to our letter and to demonstrate how we had jurisdiction over the appeal notwithstanding the noted defect. While Ware responded, through counsel, to our jurisdictional defect letter, his response did not demonstrate how this Court has jurisdiction over this appeal.

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (Supp.).

Because Ware did not timely perfect his appeal, we dismiss the appeal for want of jurisdiction.

Jeff Rambin
Justice

Date Submitted:     May 31, 2024
Date Decided:       June 3, 2024

Do Not Publish